**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE ALVARO MARTINEZ-AVELAR, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 11-71275 Agency No. A094-799-109 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2016
San Francisco, California

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

The Petitioner, Rene Alvaro Martinez-Avelar, is a former police officer from

El Salvador seeking asylum due to an attack he suffered at the hands of the Mara

Salvatrucha ("MS"), an international gang active in El Salvador. In 2006, MS

members came to Martinez-Avelar's home, where he ran a general store, and

threatened him at gunpoint; they wanted him to provide them ongoing information

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

about the prosecution of certain gang members, provide those gang members provisions from his general store, and employ a gang member at his store. They also hit and kicked Martinez-Avelar and threatened to kill him if he went to the police. Martinez-Avelar did not report the incident to the police, but went to stay in a village until he resigned from his position as police officer and, soon afterward, left the country. The Board of Immigration Appeals ("BIA") overturned the Immigration Judge's ("IJ's") decision granting asylum. Martinez-Avelar petitioned for review. We have jurisdiction under 8 U.S.C. § 1252.

1. The record does not compel the finding that the harm Martinez-Avelar suffered was on account of a statutorily-protected ground. Concerning his political opinion claim, Martinez-Avelar failed to argue in his opening brief, and therefore has forfeited, the argument that he was persecuted based on his political opinion. *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012). Martinez-Avelar does argue that he was persecuted based on an imputed political opinion, but the record fails to compel the conclusion that Martinez-Avelar's attackers imputed a political opinion to him. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029–30 (9th Cir. 2000). Although one of the attackers said that they should kill Martinez-Avelar because he was a "dog," which was understood to mean policeman, this lone suggestion—soon refused by the leader of the group—does not indicate that

2

the gang members imputed an "anti-gang" political belief to Martinez-Avelar. *See id.* Additionally, the record does not compel the finding that any imputed political opinion was a "central reason" for the attack: they singled out Martinez-Avelar as a policeman because they wanted information from someone who would be effective in helping them, not due to a political opinion. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009).

Martinez-Avelar also argues that relief is warranted on the basis of his membership in a social group as a current and now former police officer. Martinez-Avelar failed to argue in his opening brief that he should be protected based on his status as a police officer at the time of the attack, forfeiting the argument. *See Cruz*, 673 F.3d at 998; *Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001) (en banc). Concerning his status as a former police officer, Martinez-Avelar has not shown any evidence of attacks based on that status. The attack he suffered when he was a police officer can be considered to the extent it informs the analysis of whether he might be attacked going forward due to his status as a former police officer. *Cf. Madrigal v. Holder*, 716 F.3d 499, 503–04 (9th Cir. 2013). However, the past attack appears to have been motivated by the MS members' desire to obtain information privy to a current police officer. Because he is now a former officer without the same information, the evidence of

3

the prior attack does not compel the conclusion that an attack will occur in the future due to Martinez-Avelar's status as a former police officer.

2.  In addition, the record does not compel the conclusion that the government is unwilling or unable to assist Martinez-Avelar.  *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000).  Although Martinez-Avelar never filed a police report and was not required to do so to obtain relief, *see Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010), the evidence in the record, which includes state reports and Martinez-Avelar's testimony, is mixed on the issue and, therefore, does not compel overturning the BIA's determination.

The petition for review is **DENIED**.